IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| VICTORIA SALLET on behalf of JOSEPH FOSTER II (DECEASED) | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-09-265 |
| MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

The Court has previously considered whether subject-matter jurisdiction existed in this case and ordered Plaintiff to show cause why the case should not be dismissed for lack of jurisdiction. (Mem. & Order Aug. 30, 2010, at 3, ECF No. 26.) Plaintiff's response argues that the deceased, Joseph Foster II, and his minor child were both parties to this case at the administrative level. (Pl.'s Resp. 1, ECF No. 27.) To support that argument, Plaintiff relies upon pages 48 and 49 of the transcript. (*Id.*) The two pages cited comprise the late Mr. Foster's application for Disability Insurance Benefits. (Tr. 48-49.) Plaintiff's argument is, at the least, a fanciful interpretation of that document. The mere indication therein that the claimant had a minor child does not transform the latter into a party to Mr. Foster's application.

Because Plaintiff further argues that Mr. Foster's minor child's right to derivative benefits would be adversely affected by dismissal, Plaintiff adopts Defendant's suggestion that the Court should order the legal representative of the minor be established and substituted under Rule 25 of the Federal Rules of Civil Procedure. (Pl.'s Resp. 1, ECF No. 27.) The Court

analyzed that suggestion in its earlier memorandum opinion and found it lacking. As noted there, Rule 25 does not apply if the individual for whom substitution is sought was never a party to the case. *See* Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 3d § 1951, at 651 (2007) ("The rule presupposes that substitution is for someone who was a party to a pending action. Substitution is not possible if one who was named as a party in fact died before the commencement of the action.") (footnotes omitted). It is clear that the case in this Court never had a proper party plaintiff because Mr. Foster, the only claimant at the administrative level, died before this case was filed and because the only plaintiff in this Court failed to establish her standing to bring this case. The Court shall enter a separate order dismissing the case.

Dated:   September 29, 2010                             /s/
                                                        James K. Bredar
                                                        United States Magistrate Judge